RECEIVED
USDC CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2006 JUL 17  A 11: 47

| | |
|---|---|
| Lloyd Eugene Brown, ) | C.A. 2:05-3342-RBH-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Jose Seranno; Rex Blocker; ) Richard Frickey; Luisa ) Fuertes-Rosario; Gary Favour, ) | |
| Defendants. ) | |

This civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971), brought by a federal prisoner proceeding <u>pro se</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion to dismiss. 28 U.S.C. § 636(b).

On December 1, 2005, the plaintiff, Lloyd Brown, sued Dr. Jose Serrano, the Medical Director, Rex Blocker, a medical officer, Robert Frickey, a clinical nurse, and Luisa Fuertes-Rosario, Health Services Administrator. On January 17, 2006, Gary Favour, clinical nurse, was added as a defendant in the Plaintiff's Supplemental Complaint. All of these defendants either are or were employed at the Federal Correctional Institution, Edgefield, South Carolina (FCI Edgefield), during the time relevant to this complaint.

Brown alleged that these individuals refused him medical care for a number of conditions, and specifically have refused

him treatment for chronic pain. Brown alleges that the defendants, in refusing medical care, have violated his eighth amendment rights under the Cruel and Unusual Punishment Clause of the Constitution. He seeks an order directing that specific medications be given him in specific dosages. He also seeks appointment of counsel, a review of medical practices at FCI Edgefield, and unspecified damages from each individual defendant. Brown's request for appointment of counsel was denied pursuant to court order and Hardwick v. Ault, 517 F.3d 295 (5th Cir. 1975), on December 19, 2005.

On April 13, 2006, the defendants filed a motion to dismiss pursuant to Rule 12(b)(1)&(6), as well as other defenses, including qualified immunity. On April 17, 2006, the plaintiff was provided a copy of the defendants' motion with accompanying affidavits and exhibits, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

On April 26, 2006, the plaintiff filed his opposition to the defendants' motion to dismiss.[1]

---

[1] Subsequent to the motion to dismiss the plaintiff filed a number of dispositive motions, all of which will become moot by the adoption of this report and recommendation

## 12(b)(6) STANDARD

A Rule 12(b)(6) motion focuses only on the legal sufficiency of the complaint. In conducting this review, the court must "take the facts in the light most favorable to the plaintiff," but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002).

The motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999).

Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

"In general, a motion to dismiss will not be granted unless a plaintiff can prove no set of facts which would support his claim and entitle him to relief." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Rule 12(b)(6), however, is not without meaning. "The presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" cannot support the legal conclusion. Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001). And "[a]lthough the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 318 (2d ed. 1990). This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis. "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." DM Research v. College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir.1999).

## **FACTS**

The relevant facts, according to the plaintiff's complaint, and taken in the light most favorable to the plaintiff as the non-moving party for purposes of the defendants' motion, are as follow.

On March 11, 2005, Brown self-surrendered at FCI Edgefield. Prior to his surrender, Brown had been diagnosed with a number of medical conditions for which he was taking medication. Brown had been diagnosed with type 2 diabetes, chronic high blood pressure, hypertension, back complications, diabetic neuropathy in his

legs, ulnar neuropathy in his arms, and accompanying pain, and his records had been forwarded to prison officials before his reporting. (Complaint ¶ 5). Before and up to Brown's self surrender he was prescribed the following in various dosages by his physicians: Norvasc, HCTZ, Catapress TTS patches, Diovan, Coreg, Pravachol, Gluovance, Skelaxin, Lidoderm, Hydrocodone, Oxycodone, and Neurontin. (Complaint ¶ 9). These medications helped control his diabetes and blood pressure, and helped relieve his pain, among other things. (Complaint ¶ 10). He also used a T.E.N.S. unit[2], an ankle brace, and crutches. (Complaint ¶ 12).

After surrendering, Brown was interviewed by Physicians Assistant (PA) Saha. PA Saha took all of Brown's records and prescriptions for Dr. Rex Blocker to review. (Complaint ¶ 12). That night Brown went to Pill Line and received the following medication: Norvasc, HCTZ, Coreg, Lisinopril (replacement for Diovan), Lovastatin (replacement for Pravachol), Clonidine (replacement for Catapress patches), Metormin and Glyburide (replacement for Glucovance), and Motrin (non-narcotic replacement for oxycodone, hydrocodone, Skelaxin, lidoderm, and Neurontin). (Complaint ¶ 13). All of these replacements are considered "appropriate medication alternatives." (Response to BP-11, Complaint Supplement Ex. 1, Defendants' Ex. 5).

---

[2] Transcutaneous Nerve Stimulator; used to relieve pain.

On March 22, 2005, Brown was examined by Dr. Serrano, the Clinical Director. He had Brown sign a consent form for placement in pain management and scheduled an appointment for Brown to see an orthopedic, which he did. (Complaint ¶ 17). In April, Brown complained of stomach cramps from his diabetic medication to Frickey at Pill Line and was given Zantac to relieve the stomach pains. (Complaint ¶ 19).

On May 15, 2005, Brown filed a BP-9 Inmate Request asking for proper pain medication rather than the Tylenol and Ibuprofen he was being given. (Complaint Ex. 1). He received a response to this request on June 3, 2005, from Warden John LaManna. His request was denied based on Brown receiving the appropriate care for his conditions. Subsequently he filed an appeal which was denied on August 10, 2005, by Harrell Watts, the administrator for National Inmate Appeals. After reviewing Brown's file, Mr. Watts concluded that the prison had adequately addressed Brown's medical needs in a medically appropriate fashion. (Complaint Supplement Ex. 1).

Since his incarceration, Brown has complained of pain, stomach cramps from the metformin, and the need for better medication and care. In light of his pain complaints, the medical staff have prescribed him a number of different pain treatments including acetaminophen, ibuprofen, codeine, ketorolac, salsalate, naproxen, motrin, Elavil, and Tylenol. (Complaint ¶¶ 23, 30, 41, 62, 63). The medical staff has also

tried different treatments to alleviate the stomach problems he was experiencing from the metformin. (Complaint ¶ 19). Brown was also authorized to use the T.E.N.S. unit. (Complaint Ex. 4).

**APPLICABLE LAW**

BIVENS

"A <u>Bivens</u> action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." <u>Hall v. Clinton</u>, 235 F.3d 202, 204 (4th Cir. 2000) (citing <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395-397, 91 S. Ct. 1999 (1971)). <u>Bivens</u> established that victims of constitutional violations perpetrated by federal actors have a right to damages, even in the absence of any statute conferring that right.

> "Such a cause of action may be defeated in a particular case, however, in two situations. The first is when defendants demonstrate 'special factors counseling hesitation in the absence of affirmative action by Congress.' The second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective."

<u>Carlson v. Green</u>, 446 U.S. 14, 18-19, 100 S. Ct. 1468 (1980) (quoting <u>Bivens</u>, 403 U.S. at 397, 91 S. Ct. at 2005). A <u>Bivens</u> action is more effective than a Federal Torts Claim Act remedy, and therefore it is not an alternative remedy. <u>Carlson</u>, 446 U.S. at 20-21, 100 S. Ct. at 1472-1473.

## EIGHTH AMENDMENT

Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848 at 851 (4th Cir. 1990). Deliberate indifference is a high standard, requiring more than a showing of mere negligence. Young v. City of Mount Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001). An Eighth Amendment violation occurs where treatment is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn at 851-52. A serious medical need is one that poses a substantial risk of serious injury to health and safety. Young v. City of Mount Ranier at 576.

## QUALIFIED IMMUNITY

Public officials such as these defendants are free from liability for monetary damages if they plead and prove that their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982); American Civil Liberties Union, Inc. v. Wicomico County, 999 F.2d 780 (4th Cir. 1993). Summary judgment is a particularly appropriate procedure for determining entitlement to qualified

immunity and the defendants have raised this immunity in their motion. Torchinsky v. Siwinski, 942 F.2d 257 (4th Cir. 1991). The standard of review on summary judgment is whether there exists genuine issues of clearly established constitutional violation. Turner v. Dammon, 848 F.2d 440 (4th Cir. 1988).

## DISCUSSION

A review of the record and relevant case law reveals that the Defendants' motion should be granted because the plaintiff fails to state an Eighth Amendment claim or any other claim entitling him to relief.

The plaintiff's complaint belies any claim of deliberate indifference on the part of any defendant; the alleged facts establish that his medical treatment was not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness... ." Miltier v. Beorn, 896 F.2d at 851-52. Additionally, is there a claim or facts showing a defendant acted recklessly by disregarding a substantial risk of danger that was either known to the defendant or which would be apparent to a reasonable person in the defendant's position. See, Id.

Brown's chief complaint is lack of adequate pain management. The record shows that all the defendants, at various times, made efforts to help relieve Brown's pain. He was given multiple pain medications, allowed to use his T.E.N.S. unit, and his complaints

were addressed in a medically adequate fashion. (Defendants Ex. 5). It appears simply that the plaintiff disagrees with the medical judgment concerning the course of treatment he received for his conditions. However, mere disagreement does not implicate constitutional protections. See, e.g., Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam) (holding that "[q]uestions of medical judgment are not subject to judicial review."). Accordingly, no violation of the Eighth Amendment is present here.

Further, the defendants are entitled to qualified immunity from suit in their individual capacities as it does not appear that the defendants violated a particular right of Brown's, clearly established in law, of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982); American Civil Liberties Union, Inc. v. Wicomico County, 999 F.2d 780 (4th Cir. 1993). Entitlement to qualified immunity is a question of law for the Court. Willingham v. Crooke, 412 F.3d 553, 559 (4th Cir. 2005). Where, as here, there are no disputed material facts relevant to the Court's qualified immunity inquiry, there is no question for the Court to submit to a jury and a ruling on qualified immunity is appropriate at the summary judgment stage. Id.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion to dismiss be granted, and that all other motions be deemed moot.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
July 17, 2006

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk

United States District Court

Post Office Box 835

Charleston, South Carolina 29402
